## 54294. STEGAR v. NORTHEAST FOREIGN CAR SERVICE, INC. et al.

SHULMAN, Judge.

Appellant and the two individual appellees hold all the stock of appellee corporation. In 1976, appellant was excluded by appellees from further participation as an employee in the corporation's business activities. He brought this action for his share of the corporation's earnings and for exemplary damages. The case was tried before a judge sitting without a jury. This appeal is from a judgment for the individual appellees and for the appellant against the corporate appellee in the amount of $2,391.33, his share of a bonus distributed in 1976.

1. In three enumerations of error, appellant complains that the findings of the trial court were against the evidence. There were conflicts in the evidence on the issues involved in these three enumerations. The judge resolved those conflicts in favor of the appellees. ". . . [W]hen a non-jury single-judge judgment is reviewed in the Georgia appellate courts neither the Supreme Court nor the Court of Appeals will interfere with a finding by the trial tribunal 'where there is *any* evidence to support it.'" *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346, 348 (208 SE2d 118). Since the judge's findings are supported by some evidence, we will not interfere.

2. Another enumeration of error complains of the amount of the award to appellant, contending that the evidence demanded a larger award, including exemplary damages. However, the court's findings (which, being supported by evidence, are valid) authorize the denial of exemplary damages. There being conflicts in the evidence on the issues which involved exemplary damages, we

cannot say an award of those damages was demanded. "Conflicts in the evidence and the credibility of witnesses are questions within the prerogative of the trior of fact and this court will not interfere with his determination of such matters. [Cits.]" *Northcutt v. Crowe,* 116 Ga. App. 715, 718 (158 SE2d 318).

3. The trial of this case was held on March 29, 1977. At the conclusion of the appellant's evidence, the trial judge indicated that he was prepared to rule and did so. The next day, before the judgment was reduced to writing and filed with the clerk of the court, appellant filed a voluntary dismissal. In an amendment to the judgment order, the trial court ordered the voluntary dismissal stricken on the strength of *Jones v. Burton,* 238 Ga. 394 (1) (233 SE2d 367). Appellant claims the holding of that case is contrary to Code Ann. § 81A-158 (b). The cited Code section, however, deals with entry of judgment and is not in any fashion applicable to the situation in this case. The right to dismiss an action voluntarily is given in Code Ann. § 81A-141 (a). That section allows dismissal at any time before verdict, not entry of judgment. The rule announced in *Jones* and the policy basis explained therein are directly applicable to this case. This enumeration is without merit.

4. During the trial, appellant attempted to introduce into evidence an unsigned agreement allegedly providing for the purchase of his stock by appellees for a price of $50,000. The purported agreement was not admitted into evidence. Its exclusion is enumerated as error.

It is not necessary to determine whether the document's exclusion was error. All the witnesses, including appellant, testified that there was a different oral agreement for resale of stock and that the agreement offered by appellant was never executed or even agreed upon. Since the evidence demanded a finding that the agreement was not in force, its exclusion would be, if erroneous, harmless.

5. One of the conclusions of law set out in the trial judge's order reads as follows: "3. That except for his share of the $7,174.00 bonus hereinabove referred to, Plaintiff is not entitled to any further bonus, profits, salary, compensation, or other sums from the named Defendants

herein; . . ." Appellant contends, and we agree, that this conclusion is incorrect. It conflicts with the court's finding and conclusion that no agreement existed whereby appellant was required to sell his stock in appellee corporation to the corporation or the individual appellees. Implicit in that finding and its correlative conclusion is an affirmation of appellant's continued ownership of stock in the corporation. Should the corporation ever declare a dividend, appellant's right to share in it would be incident to his status as a stockholder. The ". . . or other sums . . ." language in the order, therefore, is inappropriate. The order must be modified to remove the overly restrictive language which might be read as depriving appellant of his rights as a stockholder in the appellee corporation.

*Judgment affirmed with direction. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED SEPTEMBER 28, 1977 — REHEARING DENIED NOVEMBER 7, 1977.

*William R. Parker,* for appellant.

*Levine, D'Alessio & Cohn, Morton P. Levine, Burgess W. Stone, Homer S. Mullins, Webb, Fowler & Tanner, T. Michael Tennant,* for appellees.