### 33142. TRUST COMPANY BANK v. UNION CIRCULATION COMPANY, INC.

UNDERCOFLER, Presiding Justice.

This is a certiorari to the Court of Appeals. *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715 (240 SE2d 100) (1977). Briefly the facts show Union's executive vice-president diverted to his wife checks payable to Union. She opened an account with Trust Company and deposited the checks on forged indorsements. Thereafter she withdrew the funds. More

than four years later Union sued Trust Company for negligent conversion. The trial court granted the Trust Company's motion for partial summary judgment and barred recovery on checks converted more than four years from the date of suit. Code § 3-1003. The Court of Appeals in Division 2 of its opinion reversed holding that the statute of limitation was tolled by Code § 3-807 because the Trust Company "claims under" the executive vice-president and his wife who were guilty of fraud. We disagree and reverse.

Code § 3-807 provides, "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud."

The origin of the present language of § 3-807 is obscure. It is not included in the Act of 1855 (Ga. L. 1855-6, p. 236), as cited in the current Georgia Code Annotated. It first appears in the Code of 1861, adopted by the General Assembly in the Code of 1868 as revised by Irwin at the end of hostilities ending the War Between the States. The General Assembly has adopted this language in each succeeding official Code, including the Code of 1933. The statute of limitation is intended to embrace all causes of action not specially excepted from its operations, and it should not be so construed as to defeat that object. 51 AmJur2d 708, Limitations of Actions, § 138. Because Code § 3-807 provides for a departure from the general rule, requires actual fraud involving moral turpitude, or a breach of a duty to disclose because of a relationship of trust and confidence, and does not toll the statute unless the fraud is distinguishable from that giving rise to the cause of action, it must be strictly construed.

The phrase "those under whom he claims" has been applied in many instances; however, we have never been called upon to construe its meaning. A "claim" is a broad, comprehensive term. Used as a verb, it means "to demand as one's own." Black's Law Dictionary (4th Ed.). The latter definition comports with the use of the phrase in early Georgia Codes and statutes which related the phrase to actions in which title or claim of ownership to land was involved. See Prince's Digest of The Laws of The

State of Georgia (2d Ed.), 1837, pp. 573, 574. The historical development of this Code section and the development of our case law supports a limitation of its application.

In *American Nat. Bank v. Fidelity &c. Co.,* 129 Ga. 126, 132 (58 SE 867) (1907), it was stated, "The participation by the bank in the breach of trust, in paying out the money improperly upon checks drawn by the receiver without being countersigned as provided in the order, was a wrong or tort against the creditors, giving rise to a right of action against the wrong-doer, the bank, at the time of the commission of the wrongful act. And inasmuch as the tort on the part of the bank was complete at the time of the wrongful payment of the checks, and it became immediately liable to suit for such wrongful act, the statute of limitations began to run immediately, and at the expiration of four years from that date the right of action was barred by the statute of limitations." That case holds that the statute of limitation was not tolled by the unlawful act of the depositor. Accordingly, we conclude here that the Trust Company is not "claiming under" Union's executive vice-president and his wife within the meaning of Code § 3-807 and their fraud is not imputed to Trust Company so as to toll the statute of limitation.

However, as pointed out in *American Nat. Bank of Macon v. Fidelity &c. Co. of Maryland,* 131 Ga. 854 (63 SE 622) (1908), a bank's own fraud which deterred or debarred the bringing of an action will toll the statute of limitation. Therefore the case is remanded to the Court of Appeals to determine whether there is an issue of fraud on the part of Trust Company which would toll the statute of limitation and, if so, whether that issue was properly resolved on summary judgment.

*Frye v. Commonwealth Invest. Co.,* 107 Ga. App. 739 (131 SE2d 569) (1963), is inapposite. That case was a trover action and the issue was title to property. In the instant case Trust Company does not retain any checks or the proceeds therefrom and the action is for monetary damages for conversion.

*Division 2 of the Court of Appeals opinion is reversed and the judgment vacated. Nichols, C. J., Jordan, Hall, Hill and Bowles, JJ., concur. Judge Marion T. Pope, Jr.,*

*concurs specially. Marshall, J., disqualified.*

ARGUED MARCH 14, 1978 — DECIDED MAY 23, 1978.

*King & Spalding, Charles L. Gowen, A. Felton Jenkins, Jr., George S. Branch,* for appellant.
*Strother, Weiner & Dwyer, Beryl H. Weiner,* for appellee.

POPE, Judge, concurring specially.

I concur in the majority opinion. This case addresses itself to a classical kind of situation—that is, one in which the thief, a trusted employee, takes the instrument from the payee, the employer, forges the payee's endorsement, and "cashes" the check at a depositary bank. Because the employee is in a trusted position, much time has elapsed before the conversion is discovered.

While the instances in which the phrase in Code Ann. § 3-807 "or those under whom he claims" is to be applied is obscure, it is clear that the general policy behind this suspension provision is that a defendant ought not to be allowed to take advantage of his own wrong by concealing it until the statute has run. However, in this case it appears it is the fraud of the employee, not the bank, which has delayed the bringing of the suit.

It is also interesting to examine appellee's contention that the bank does in fact claim under the forged endorsements, relying for this proposition on *Frye v. Commonwealth Invest. Co.,* 107 Ga. App. 739 (131 SE2d 569) (1963). The doctrine of negotiability itself could be said to preclude the depositary bank from "claiming under" the employee since the bank cannot claim the status of a holder in due course. §§ 109A-3—404, 109A-1—201 (43). "Negotiability," the core concept of our system of commercial paper, means that to the extent one is a holder in due course he takes free of most claims. He acquires new rights. And under the Code the question of liability for conversion does not rest on title although the instrument is still the property of the payee whose signature was forged. However, the statutory cause of action under Code Ann. § 109A-3—419 was created

without reference to technical concepts of ownership. See Bender's U. C. C. Service, Hart & Willier, Commercial Paper § 12.38.

Considering the purpose of the tolling provision and the fact that a conversion action does not depend on technical concepts of ownership in a suit for conversion, the mere fact that the bank cashes the instrument does not mean it claims under the wrongdoer. In the absence of a showing that Trust Company Bank colluded or participated in the fraud of the employee or that Trust Company Bank held any confidential or fiduciary relationship with the employer the statute of limitation would not be tolled. I concur that Division 2 of the Court of Appeals opinion be reversed and remanded for a determination on the issue of fraudulent collusion or of a special duty owed by Trust Company Bank to Union Circulation Co., Inc.