## 62020. TRAVELERS INSURANCE COMPANY v. KING.

CARLEY, Judge.

On April 7, 1980 appellant-defendant, the Travelers Insurance Company, issued a check in the amount of $523.61 to appellee-plaintiff, William L. King, in payment of a collision loss under a contract of automobile insurance issued by appellant to appellee. Subsequently, appellant insurance company stopped payment on the check. Appellee instituted the instant action against appellant, alleging that he was not given any "warning" that payment was to be stopped on the check, and that such conduct on the part of appellant was inexcusable, wrongful and wilful. Appellee prayed for both actual and punitive damages and attorney's fees.

Appellant answered denying the material allegations of the complaint and averring that its action in stopping payment on the check was done at the request and with the knowledge of appellee. Appellant further responded to the complaint by stating that it was ready and willing to pay $523.61 to appellee.

Following discovery, the matter was tried by the trial judge sitting without a jury. The trial court made the following findings of fact: On January 9, 1980, appellee's wife was involved in a collision while driving a vehicle owned by appellee and insured by appellant. On March 21, 1980, appellee's attorney directed a letter to appellant informing appellant of the collision and requesting that appellant process a claim for collision loss under the policy issued to appellee. On March 24, 1980, appellee's attorney forwarded copies of two repair estimates to appellant as requested. This claim was processed and appellant forwarded to appellee's attorney a loan receipt dated April 2, 1980 (first loan receipt) and a check dated April 7, 1980 in the amount of $523.61 (first check). On April 14, 1980, appellant, without notification to appellee, issued a stop payment order on the first check. Thereafter, appellant issued a second loan receipt dated April

18, 1980 and a second check dated April 21, 1980 in the same amount as the first, and forwarded these documents to appellee's attorney. On or about April 25, 1980, and before the second loan receipt and check arrived at the office of appellee's attorney and without knowledge that payment had been stopped on the first check, appellee executed the first loan receipt and endorsed the first check. On or about April 29, 1980 appellee's attorney, received the second loan receipt and check which arrived in his office without any explanation for their existence. By letter dated April 29, 1980 appellee's attorney returned both the second loan receipt and check to appellant and noted therein that the claim had already been paid and, surmised that the second set of documents must have been mailed by mistake. Thereafter, appellee's attorney was notified by his bank that payment had been stopped on the first check issued by appellant.

Based upon the foregoing findings, the trial judge concluded that appellant was grossly negligent and acted in bad faith in failing to notify appellee of the stop-payment order and that such "constitute[d] tortious conduct against its insured." Judgment was entered awarding appellee $523.61 for the collision loss, plus interest and $2,000.00 as punitive damages pursuant to Code Ann. § 105-2002. From this judgment, appellant appeals.

1. In two enumerations of error, appellant complains that certain findings of the trial judge were clearly erroneous. "Findings of fact made by a trial court in non-jury cases are given the same weight as a verdict in jury cases, and will not be set aside on appeal unless they are shown to be clearly erroneous or wholly unsupported by the evidence. [Cits.] 'Concomitant with this principle is the directive that "After judgment every presumption and inference favors it and the evidence must be construed to uphold rather than to destroy it. [Cits.]" [Cit]. Thus, in considering arguments concerning the fact findings we cannot disturb the judge's findings and judgment absent some error of law. [Cit.]' [Cit.]" *Hanna Creative Enterprises v. Alterman Foods, Inc.,* 156 Ga. App. 376 (1) (274 SE2d 761) (1980).

Applying the foregoing principles to our review of the transcript, we conclude that, although the evidence is in conflict on the issues involved in these two enumerations, there was some testimony to support the findings of the trial judge and these findings have not been shown by appellant to be clearly erroneous. Accordingly, these enumerations of error are without merit. *Stegar v. N. E. Foreign Car Service,* 143 Ga. App. 760 (1) (240 SE2d 95) (1977).

2. The only major issue remaining for resolution is whether the allegations of appellee's complaint and the evidence adduced at trial constituted a mere breach of contract or, in addition, constituted an

independent action in tort for which appellee might recover punitive damages under Ga. Code Ann. § 105-2002. Appellant takes the position that appellee's cause of action in the instant case, if any, is predicated on an alleged failure to pay a claim under the policy and that appellee's exclusive remedy for other than compensatory damages is that provided by Ga. Code Ann. § 56-1206. Appellee, on the other hand, contends that his claim is predicated upon appellant's alleged "tortious" conduct in ordering, without any notification or explanation to appellee, that payment be stopped on the first check rather than upon appellant's bad faith refusal to pay a claim.

A similar issue was posed in *Orkin Ext. Co. v. Stevens,* 130 Ga. App. 363, 365 (203 SE2d 587) (1973) and analyzed as follows: "It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of contract to avoid harming him. [Cits.] Such an independent harm may be found because of the relationship between the parties, or because of defendant's calling or because of the nature of the harm. [Cit.] However, not all breaches of contract are also independent torts: '. . . where defendant's negligence ends merely in non-performance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on — and limited by — defendant's consent.' 2 Harper and James, Torts, p. 1050, § 18.6. In those circumstances, an action in tort may not be maintained for what is a mere breach through non-action or through ineffective performance (which is the same thing) of a contract duty — the duty must arise independent of contract to constitute a tort. [Cit.]"

Applying the foregoing legal principles to the facts of the instant case, we conclude that the trial court was authorized to find a "tortious" injury to appellee independent of the insurance contract. Appellee, as the named payee on the first check, had certain recognized property rights therein. *Thornton & Co. v. Gwinnett Bank &c. Co.,* 151 Ga. App. 641 (260 SE2d 765) (1979); *Trust Co. v. Refrigeration Supplies,* 241 Ga. 406, 408 (246 SE2d 282) (1978). There was evidence presented at trial which would authorize the finding that appellant's actions in ordering that payment be stopped on the first check without notification or explanation to appellee were negligent, if not malicious. This certainly evidences a claim for tortious interference with appellee's property rights in the first check, if not a claim for conversion. See *Thornton,* supra. Moreover, such acts of negligence by appellant did not relate to appellant's

failure to perform its duty to pay a valid claim under the insurance contract. Instead, such negligent conduct constituted a direct invasion of appellee's legal rights in the first check. See *L. & N. Railroad Co. v. Spinks,* 104 Ga. 692, 695 (30 SE 968) (1898). The result was an infliction of an independent injury over and above the mere breach of any duty arising from the insurance contract.

Since the facts in the instant case presented a valid claim in tort independent of the insurance contract, the appellee was authorized to recover punitive damages under Code Ann. § 105-2002. Cf. *Drake v. Leader Nat. Ins. Co.,* 153 Ga. App. 314 (265 SE2d 114) (1980). Accordingly, this enumeration of error is without merit for any reason urged on appeal.

3. As this action was predicated upon the alleged tortious conduct of appellant rather than upon appellant's refusal to pay appellee's claim under the insurance contract, the trial court's failure to make a finding on the issue of whether appellant acted in bad faith as defined by Code Ann. § 56-1206 is of no consequence.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 23, 1981.

*J. Bruce Welch, L. Lin Wood, Jr.,* for appellant.
*Gerald S. Mullis,* for appellee.