39457. DANIEL v. AMERICAN OPTICAL CORPORATION.

GREGORY, Justice

This case comes before us upon questions certified by the United States Court of Appeals for the Eleventh Circuit pursuant to Rule 36 of the Supreme Court of Georgia. See OCGA § 15-2-9; Code Ann. § 24-4536. The following statement of the case was submitted to us by the circuit court.

*Statement of the case*

"On January 4, 1978, while operating a lathe, plaintiff suffered an eye injury when a piece (or pieces) of hot metal flew over his safety glasses into his left eye. The defendant is the manufacturer of the safety glasses that the plaintiff was wearing at the time of the accident. On May 22, 1981, more than two years after the accident, plaintiff filed this diversity suit, and seeks damages for strict liability in tort under Ga. Code § 105-106 [OCGA § 51-1-11 (b)] and for negligence.

"Ga. Code § 3-1004 [OCGA § 9-3-33] provides in relevant part that '[a]ctions for injuries to the person shall be brought within two years after the right of action accrues.' The defendant brought a Motion to Dismiss contending that the action is barred by § 3-1004 [OCGA § 9-3-33]. If this statute of limitations applies, then plaintiff's

action was untimely filed. Plaintiff argues that § 3-1004 [OCGA § 9-3-33] does not apply to the strict liability claim under § 105-106 [OCGA § 51-1-11 (b)].

"Plaintiff notes that the Georgia legislature added a statute of limitations to § 105-106 [OCGA § 51-1-11 (b)]. [This limitation applies only to that portion of § 105-106 dealing with products liability — now subsection (b) of OCGA § 51-1-11] in April 1978, after the accident in this case occurred. The amendment provides, in relevant part: No action shall be commenced pursuant to this subsection with respect to an injury after 10 years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury. Prior to April 1978, § 105-106 did not provide any such statute of limitations; plaintiff argues, therefore, no statute of limitations applied to strict products liability claims arising under § 105-106 [OCGA § 51-1-11(b)].

"The defendant contends that, because an action under § 105-106 [OCGA § 51-1-11 (b)] sounds in tort, § 3-1004 [OCGA § 9-3-33] applies. The district court agreed and dismissed the complaint. The plaintiff appealed."

## Certified Questions

"(1) What period of limitations applies to the instant fact situation, the two-year period under § 3-1004 [OCGA § 9-3-33] or the ten-year period under § 105-106 [OCGA § 51-1-11 (b)]? (2) Is some other period of limitations applicable? (3) Was the complaint by the plaintiff timely filed?"

1. OCGA § 51-1-11 (b) (Code Ann. § 105-106) is our statute governing strict liability in tort which is in derogation of common law and "must be strictly construed or limited strictly to the meaning of the language employed and not extended beyond plain and explicit terms." *Ford Motor Co. v. Carter,* 239 Ga. 657, 658 (238 SE2d 361) (1977); *Wansor v. George Hantscho Co.,* 243 Ga. 91 (252 SE2d 623) (1979). In the 1978 amendment to this subsection, the legislature expressly placed time restrictions on the bringing of a cause of action under the subsection, but it was not a traditional statute of limitations which typically declares "that no suit shall be maintained on such causes of action unless brought within a specified period *after the right accrued."* (Emphasis supplied.) Black's Law Dictionary, p. 1077 (4th Ed. 1968). OCGA § 51-1-11 (b) (Code Ann. § 105-106) does not contain such a traditional statute of limitations. Since OCGA § 51-1-11 (b) (Code Ann. § 105-106) must be strictly construed, we do not believe this 1978 amendment was intended to preclude the application of a general statute of limitations which would otherwise apply or to suggest that no general statute of limitations applied to

strict liability actions under OCGA § 51-1-11 (b) (Code Ann. § 105-106) prior to the 1978 amendment. See Eldridge, Products Liability in Georgia § 5-6.6 (1982 Supp.).

OCGA § 9-3-33 (Code Ann. § 3-1004) provides in relevant part, "Actions for injuries to the person shall be brought within two years after the right of action accrues . . ." This is a traditional general statute of limitations. By its very language, the scope of application of this statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief. The nature of injuries covered are "injuries to the person." Physical injuries such as these are clearly covered by this language. *Dalrymple v. Brunswick Coca-Cola Bottling Co.,* 51 Ga. App. 754 (181 SE 597) (1935). Because the nature of the injury sustained in this case is an injury to the person, OCGA § 9-3-33 (Code Ann. § 3-1004) applies. See *Taylor v. Murray,* 231 Ga. 852 (204 SE2d 747) (1974).[1] We find no reason to differentiate between actions for personal injuries brought under a theory of strict liability as opposed to negligence for purposes of applying OCGA § 9-3-33 (Code Ann. § 3-1004).

2. Based on the facts provided this action is barred by the two-year statute of limitations for personal injuries expressed in OCGA § 9-3-33 (Code Ann. § 3-1004). The personal injury occurred on January 4, 1978, yet the complaint was not filed until May 21, 1981, more than two years after the cause of action accrued. See *Gibson v. Kelley,* 88 Ga. App. 817 (78 SE2d 76) (1953). Consequently, this complaint for damages for personal injury, brought under a theory of strict liability, was not timely filed.

3. Certified questions answered as follows:

(1) The two-year statute of limitations under OCGA § 9-3-33 (Code Ann. § 3-1004) applies to the instant fact situation.

(2) No.

(3) No.

*All the Justices concur.*

DECIDED JUNE 28, 1983.

*White & Nackley, Robert J. White,* for appellant.

---

[1] We note that the following seventeen jurisdictions have also held that their general statutes of limitations governing actions in personal injury or tort also apply to strict liability actions: Alaska, Arizona, California, Connecticut, Illinois, Minnesota, Montana, New Hampshire, New Jersey, New York, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Vermont, and Wisconsin. See 91 ALR 3rd 455 for cases cited therein.

*Hart & Sullivan, Michael G. Frick,* for appellee.