## 41503. SMITH, MILLER & PATCH v. LORENTZSON.
(327 SE2d 221)

BELL, Justice.

Lorentzson, the plaintiff, appealed orders granting summary judgment to Dr. Rowell and Smith, Miller and Patch, the co-defendants in this case. The Court of Appeals reversed both judgments, *Lorentzson v. Rowell,* 171 Ga. App. 821 (321 SE2d 341) (1984), and each co-defendant applied for a writ of certiorari. We denied Dr. Rowell's application, but granted certiorari in Smith, Miller and Patch's appeal to consider the following questions: "Whether the two year limitation period provided in OCGA § 9-3-33 applies to this product liability action? If so, does the alleged fraud of the physician toll the statute of limitations as to the manufacturer?"

1. The Court of Appeals held that "the statute of limitation . . . [a]s to products liability . . . is now ten years (OCGA § 51-1-11, formerly Code Ann. § 105-106)." *Lorentzson,* supra, 171 Ga. App. at 825. This is incorrect. The nature of the injury sustained in this case is an injury to the person, and OCGA § 9-3-33 therefore applies to Lorentzson's products liability claims. *Daniel v. American Optical Corp.,* 251 Ga. 166 (304 SE2d 383) (1983).

2. OCGA § 9-3-96 provides that "[i]f the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." See *Trust Co. Bank v. Union Circulation Co.,* 241 Ga. 343 (245 SE2d 297) (1978). Smith, Miller and Patch is not "claiming under" Dr. Rowell, and his alleged fraud is therefore not imputable to the manufacturer so as to toll the statute of limitation. Id.

With the exception of the language disapproved in Division 1

of this opinion, the judgment of the Court of Appeals is affirmed. *Judgment affirmed. All the Justices concur.*

HILL, Chief Justice, concurring.

I concur in the majority opinion and in the judgment. In its opinion, the Court of Appeals said: "Under . . . the facts of this case admitted by the parties and uncontroverted, this court is unable to ascertain when and if the statute of limitation began to run as to . . . the products liability." Thus, a jury issue is presented. *King v. Seitzingers*, 160 Ga. App. 318 (287 SE2d 252) (1981).

DECIDED MARCH 15, 1985.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., M. Diane Owens*, for appellant.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Hart & Sullivan, George W. Hart, Alexander H. Booth*, for appellee.