## 75649. ADAIR v. BAKER BROTHERS, INC.

### (366 SE2d 164)

BIRDSONG, Chief Judge.

Karen E. Adair filed her complaint on February 11, 1987, against appellee Baker Brothers, Inc., for the alleged wrongful death of her husband, who was electrocuted when he came in contact with an allegedly defective fan, sold to appellant's decedent by appellee. The decedent's death was alleged to have occurred on April 26, 1984. Appellee moved for and was granted summary judgment based on the bar of the statute of limitations. This appeal followed. *Held:*

Appellant's complaint was filed in three counts: Count 1 sounded in tort under a claim that the fan was defective and unreasonably dangerous to an intended user; Count 2 was based on negligence arising from the purported failure of appellee to exercise reasonable care to eliminate the unreasonable risk of foreseeable injury; Count 3 alleged a breach of express and implied warranties of merchantability and fitness. Appellant argues that the statute of limitations of two years pertaining to personal injuries (OCGA § 9-3-33) is applicable only to Counts 1 and 2, and that Count 3, which is based in contract, is governed by OCGA § 11-2-725, which permits actions based upon breach of contract to be brought at any time within four years. The legal basis for appellant's claim of error is that a breach of a contractual obligation can give rise to an action in tort as well as contract, and that she "may elect (prior to the verdict) which remedy [she] will pursue. If [she] elects to bring an action for breach of contract, [she] has, under the code, four years within which to bring it. . . ." Cited as authority for this position are *Patterson v. Augusta &c. R. Co.*, 94 Ga. 140, 141 (21 SE 283), and *Hamilton v. Powell, Goldstein &c.*, 167 Ga. App. 411, 413 (306 SE2d 340).

We recognize the sound legal basis for the claim that "a single act or course of conduct may constitute not only a breach of contract but an independent tort as well. . . ." *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 365 (203 SE2d 587). However, this maxim is but one leg of a legal triad and cannot stand alone. The second portion of this trio is that a contractual violation is a tort only " 'if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of contract to avoid harming him.' " *Travelers Ins. Co. v. King*, 160 Ga. App. 473, 475 (287 SE2d 381). The last element is that " 'the complaining party *may elect* as to his remedy, and rely either upon his right under the contract or proceed for damages as for a tort.' " (Emphasis supplied.) *Rawls Bros. Co. v. Paul*, 115 Ga. App. 731, 733 (155 SE2d 819); accord *Patterson*, supra; *Hamilton*, supra. Hence, a plaintiff can elect which theory he will proceed under. In the instant case, appellant is contending he had the right to exercise his election at any time "prior to the verdict."

We need not reach this contention. We find that the issue presented is which statute of limitations governs the action, as pled — the one for personal injury, or the one for breach of the express and implied warranties of merchantability and fitness. This is an interesting, as well as recurring, problem on which various jurisdictions have reached different results. "The more commonly accepted view would seem to be that an action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injuries is controlling." Annot. 37 ALR2d 704. Accord *Zellmer v. Acme Brewing Co.*, 184 F2d 940 (9th Cir. 1950); *Patterson v. Vincent*, 44 Del. 442 (61 A2d 416); *Seymour v. Union News Co.*, 349 Ill. App. 197 (110 NE2d 475).

Georgia follows the general rule. In *Daniel v. American Optical Corp.*, 251 Ga. 166 (304 SE2d 383), our Supreme Court answered a certified question from the 11th Circuit Court of Appeals as to which period of limitations applied to an action in which a plaintiff had been injured when a piece of hot metal flew over his safety glasses into his eye while he was operating a lathe. The action was based on personal injuries (OCGA § 9-3-33) and strict liability (OCGA § 51-1-11). The action was filed more than two years after the incident occurred and would be barred under OCGA § 9-3-33, but under the theory of strict liability, would have a ten-year period. OCGA § 51-1-11 (b) (2). The court, referring to the wording of OCGA § 9-3-33: " 'Actions for injuries to the person shall be brought within two years after the right of action accrues . . .' " held that "[t]his is a traditional general statute of limitations. By its very language, the scope of application of this *statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief*. . . . Because the nature of the injury sustained in this case is an injury to the person, OCGA § 9-3-33 . . . applies. [Cit.] We find no reason to differentiate between actions for personal injuries brought under a theory of strict liability as opposed to negligence for purposes of applying OCGA § 9-3-33. . . ." (Emphasis supplied.) Id. at 168.

In a similar action, one in which the action was premised in part on products liability, *Lorentzson v. Rowell*, 171 Ga. App. 821 (321 SE2d 341), this court applied the ten-year statute applying to products liability and the Supreme Court reversed, finding that "[t]he nature of the injury sustained in this case is an injury to the person, and OCGA § 9-3-33 therefore applies. . . ." *Smith, Miller & Patch v. Lorentzson*, 254 Ga. 111 (1) (327 SE2d 221).

The action, as pled in the instant appeal, is a wrongful death action and the statute of limitations for personal injuries applies —

OCGA § 9-3-33. The trial court did not err in applying the two-year statute of limitations.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1988 —
REHEARING DENIED FEBRUARY 12, 1988 — 

*Mike Treadaway*, for appellant.
*Gary L. Seacrest, Karsten Bicknese*, for appellee.