A01A0377. GROPPER et al. v. STO CORPORATION et al.
A01A0667. RENAISSANCE BUILDING CORPORATION v. KOLBE
& KOLBE MILLWORK COMPANY, INC. et al.
(552 SE2d 118)

POPE, Presiding Judge.

Gary R. and Vicki Rae Gropper filed claims arising from the use of synthetic stucco in the construction of their home. The defendants are STO Corporation, the manufacturer of the synthetic stucco product, or "Exterior Insulating Finishing System" (EIFS); Renaissance Building Corporation, the builder; and Evans Plastering Company, a subcontractor. The Groppers' building contract specified the use of one-inch insulation and a product called "Dryvit." But the Groppers assert that Renaissance substituted STO's EIFS product without informing them. The Groppers claim that this system repeatedly failed, allowing water to seep into the exterior insulation and framework of their house. They filed suit asserting claims for product defects (strict liability), breach of contract, breach of warranty, fraud, and negligence. At issue is whether their claims are barred by the applicable statute of limitation.

The Certificate of Occupancy on the Groppers' home was issued on February 23, 1993. The Groppers' suit was filed on February 28, 1997, in Fulton Superior Court, four years and five days later. The defendants filed summary judgment motions, claiming that the Groppers' claims were barred by the four-year statute of limitation for damage to property, OCGA § 9-3-30, counting from the issuance of the Certificate. The Groppers' former counsel dismissed the first suit without prejudice on October 20, 1998, before these motions were decided.

The Groppers then obtained new counsel and filed a renewal complaint on February 19, 1999, within the six-month renewal period, and more importantly, the Groppers assert, within six years after the issuance of the Certificate. The second complaint added claims for personal injury due to the effects of mold contamination and water leakage on behalf of the Groppers and claims of property damage and personal injury on behalf of their minor children.[1]

In the second action, STO, Evans, and Renaissance asserted cross-claims against one another. STO and Renaissance also asserted

---

[1] The timeliness of the personal injury claims is not before the Court in this appeal.

third-party indemnity and contribution claims against a number of subcontractors and vendors, including Kolbe & Kolbe Millwork Company, Inc., Bowman Building Supply, Inc., Unique Paving Systems, Inc., DeKalb Steel, Inc., Southern Standard Design & Construction, Inc., and Fashion Floors by Chris.

All defendants sought partial summary judgment based upon the four-year statute of limitation applicable to damage to real property, as it existed prior to the March 29, 2000 amendment,[2] and the trial court granted summary judgment on the Groppers' defective product, contract, warranty, negligence, and fraud claims as to the real property. The trial court's order held that because the Groppers' real property claims against the principal defendants were barred, the comparable third-party and indemnification claims were also barred.[3]

### Case No. A01A0377

1. The Groppers first assert that the trial court erred in applying the four-year statute of limitation under OCGA § 9-3-30 to its breach of contract and breach of warranty claims. They contend that the six-year statute of limitation for breach of a written contract applies instead. OCGA § 9-3-24. And, in fact, in a number of recent decisions, this Court has applied the six-year limitation period to contract claims arising out of the use of synthetic stucco. See, e.g., *Smith v. KLS Constr. Co.*, 247 Ga. App. 493 (544 SE2d 197) (2001); *Mitchell v. Jones*, 247 Ga. App. 113 (541 SE2d 103) (2000); *Stimson v. George Laycock, Inc.*, 247 Ga. App. 1 (542 SE2d 121) (2000).

The defendants argue, however, that these recent decisions were wrongly decided, citing *Daniel v. American Optical Corp.*, 251 Ga. 166 (304 SE2d 383) (1983). There, the plaintiff sought to recover under a theory of strict liability for an eye injury suffered when a piece of hot metal flew over his safety glasses. The Supreme Court of Georgia applied the statute of limitation applicable to personal injury claims under OCGA § 9-3-33, rather than the time limitation applicable to strict liability claims under OCGA § 51-1-11 (b), to bar the plaintiff's claims. Id. at 168 (1). See also *Smith, Miller & Patch v. Lorentzson*, 254 Ga. 111 (327 SE2d 221) (1985). The defendants

---

[2] In 2000, the legislature amended OCGA § 9-3-30 to include subsection (b) specifically directed to actions such as this one, arising out of the "negligent design or installation of synthetic exterior siding." But that amendment applies only to causes of action that would not have expired under the former law before March 28, 2000, and thus has no application in this case. OCGA § 9-3-30 (b) (2).

[3] The trial court did not specifically address any claims for damage to personal property. The parties disagree as to whether any such claims remain viable, but that is not specifically enumerated as an issue in this appeal. Thus, we do not address such claims.

argue that the *Daniels* decision created a blanket rule that courts should look to the nature of the injury, not to the nature of the claim asserted, to determine the applicable statute of limitation.

But that argument fails upon a closer reading of *Daniels*. In reaching its conclusion in that case, the Supreme Court noted that strict liability claims were in derogation of the common law and that while the legislature had placed express time restrictions for bringing such a claim, the restrictions were not "a traditional statute of limitations." Id. at 167 (1). Therefore, the court found that the time restrictions of OCGA § 51-1-11 (b) gave way to the provisions of OCGA § 9-3-33, which was a "traditional general statute of limitations." Id. at 168 (1). And it further found that the language of that particular statute turned on the nature of the injury rather than the nature of the asserted claim: "By *its* very language, the scope of application of *this* statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief." (Emphasis supplied.) Id.

Moreover, Georgia follows a specialized rule for determining the limitation period applicable to personal injury claims:

> The more commonly accepted [rule] would seem to be that an action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injury is controlling.

(Citations and punctuation omitted.) *Adair v. Baker Bros., Inc.*, 185 Ga. App. 807, 808 (366 SE2d 164) (1988). It follows that because the claims before us do not include personal injury, *Daniels* and its progeny are not controlling. *Stimson*, 247 Ga. App. at 3 (1).[4]

Here, in contrast to *Daniels*, we are presented with two "traditional" statutes of limitation and claims for damage to real property. Under the language of OCGA § 9-3-30, the scope of the limitation period is determined by the nature of the injury sustained. But the scope of the limitation period under OCGA § 9-3-24 is determined by the legal theory underlying the claim for relief — breach of a written contract. To accept the defendants' argument that OCGA § 9-3-30 always controls would be to render OCGA § 9-3-24 meaningless. Therefore, we agree with the recent decisions of this Court that the

---

[4] In addition we note that *Kemp v. Bell-View, Inc.*, 179 Ga. App. 577, 578 (346 SE2d 923) (1986), relied upon by some of the parties in this appeal, does not affect this analysis. See *Costrini v. Hansen Architects*, 247 Ga. App. 136, 137 (1) (543 SE2d 760) (2000); *Stimson*, 247 Ga. App. at 3 (1), n. 2.

six-year limitation period of OCGA § 9-3-24 governs the Groppers' claim asserting the breach of a *written* contract. See also *Fort Oglethorpe Assoc. II v. Hails Constr. Co. &c.*, 196 Ga. App. 663 (1) (396 SE2d 585) (1990) (statute of limitation for breach of a written construction contract is six years after the work was substantially complete).

We are therefore in accord with the holding of this Court in another recent synthetic stucco case:

> Thus, to the extent that the plaintiffs' complaint alleges breach of the written contract — including claims for breach of implied warranty stemming from that contract — such claims are governed by the six-year statute of limitation. To the extent that the complaint alleges breach of an implied contract, such claim would be subject to the four-year statute of limitation.

(Footnotes omitted.) *Rosenheimer v. Tidal Constr. Co.*, 250 Ga. App. 145, 147 (2) (550 SE2d 698) (2001).

The only written contract in this case was between the Groppers and Renaissance, the builder. Therefore, the Groppers' claims for breach of contract and breach of warranty against Renaissance are subject to the six-year statute of limitation and are not time-barred. But the Groppers' claims against the remaining defendants are based on claims of implied contract and implied warranties not arising from a written contract. Accordingly, those claims are subject to the applicable four-year statutes of limitation and the trial court correctly granted the motions for summary judgment filed by STO and Evans.

2. The Groppers next assert that their claims for breach of warranty should run from the time they discovered the problems with the EIFS or from the date that the defendants breached their duty to repair under the warranty, and not from the date of substantial completion, as the trial court found. It is well settled that "[t]he period of limitation on a construction contract commences on the date the work was substantially complete." (Citations and punctuation omitted.) *Costrini v. Hansen Architects*, 247 Ga. App. 136, 137 (1) (543 SE2d 760) (2000). See also *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1) (368 SE2d 732) (1988); *Mitchell v. Contractors Specialty Supply*, 247 Ga. App. 628, 629 (544 SE2d 533) (2001); OCGA § 9-3-51. And the Groppers' breach of warranty claims are based upon either express or implied contracts arising in connection with the construction of their home. Accordingly, the limitations period began to run at the time the Certificate of Occupancy was issued, which the trial court ruled was the date of substantial com-

pletion. See generally *Bicknell v. Richard M. Hearn Roofing &c.*, 171 Ga. App. 128, 130 (318 SE2d 729) (1984) (cause of action for negligent construction runs from the date construction completed, not from the discovery of the injury).

Although the Groppers rely upon *Versico v. Engineered Fabrics Corp.*, 238 Ga. App. 837 (520 SE2d 505) (1999), that case was decided under the Uniform Commercial Code (UCC) provisions setting out the limitation period in connection with the sale of goods and thus has no application here. OCGA § 11-2-725 (1). Unlike the general statutes of limitation applicable in this case, the UCC specifically sets forth a discovery rule where a warranty covers the future performance of the goods delivered. OCGA § 11-2-725 (2).

3. The Groppers also assert that the trial court erred in deciding as a matter of law that tolling did not apply to their fraud claim. To establish tolling, the Groppers must prove that the defendants engaged in fraud sufficient to have debarred or deterred them from discovering their cause of action. OCGA § 9-3-96. To establish such fraud, they must present evidence of the following three elements: "(1) actual fraud on the part of the defendant involving moral turpitude, (2) which conceals the existence of the cause of action from the plaintiff, and (3) plaintiff's reasonable diligence in discovering his cause of action, despite his failure to do so within the time of the applicable statute of limitations." (Citations omitted.) *McClung Surveying v. Worl*, 247 Ga. App. 322, 324 (1) (541 SE2d 703) (2000). This proof requires something more that mere concealment. The Groppers must show that the defendants concealed the defects through "[s]ome trick or artifice . . . to prevent inquiry or elude investigation or to mislead and hinder the party who has the cause of action from obtaining the information, and the acts relied on must be of an affirmative character and fraudulent." *Mitchell v. Jones*, 247 Ga. App. at 117 (3).

We agree with the trial court that the Groppers failed to meet this level of proof.

4. In their final enumeration of error, the Groppers assert that the trial court erred in applying OCGA § 9-3-30 rather than OCGA § 51-1-11 to determine the limitation period on their strict liability claim. The arguments raised by the Groppers in connection with this enumeration were previously considered and rejected by this Court in *Mitchell v. Contractors Specialty Supply,* 247 Ga. App. at 629-630. Accordingly, we find no error on this ground.

## Case No. A01A0667

5. Renaissance cross-appeals the trial court's grant of summary judgment to the third-party defendants in this action. Renaissance

asserts that to the extent we reverse any portion of the trial court's grant of partial summary judgment as to Renaissance, we should reverse the trial court's order granting summary judgment to the third-party defendants to the same extent. We agree.

To summarize, therefore, we reverse the trial court's grant of summary judgment on the Groppers' claim that Renaissance breached its written contract and their claim for breach of warranty arising in connection with that written contract. Further, to the extent that Renaissance has asserted any third-party claims[5] in connection with those breach of contract and breach of warranty claims, we reverse the trial court's grant of summary judgment as to such third-party claims. We affirm the trial court's grant of summary judgment on the remaining claims.

*Judgments affirmed in part and reversed in part. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JULY 9, 2001 —
RECONSIDERATIONS DENIED JULY 31, 2001 — ▮▮▮▮▮▮▮

*Rubin & Hoyt, Robert P. Hoyt*, for appellants (case no. A01A0377).

*Pursley, Howell, Lowery & Meeks, Paul A. Howell, Jr., John C. Amabile, Wood & Grant, Wayne Grant*, for appellant (case no. A01A0667).

*Womble, Carlyle, Sandridge & Rice, R. Wayne Bond, Jonathan B. Mason, John A. Thomson, Jr., Jimmy E. White, Swift, Currie, McGhee & Hiers, Stephen M. Schatz, Robert E. Jones, Kenneth M. Barre*, for appellees (case no. A01A0377).

*Ellis, Funk, Goldberg, Labovitz & Dokson, Donald J. Ellis*, for appellee (case no. A01A0667).

---

[5] The trial court did not specifically rule on the cross-claims filed by the defendants against each other. Therefore, we do not address such claims.