**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 6, 2017**

# In the Court of Appeals of Georgia

A17A0827. MUJKIC et al. v. LAM.

BETHEL, Judge.

Amra Mujkic and Senad Mujkic (the "Mujkics") appeal the trial court's order dismissing the lawsuit they filed to recover medical expenses of their minor son resulting from personal injuries he sustained while working on property owned by Tai Lam. They argue that the trial court erred when it dismissed their lawsuit because it was barred by the two-year statute of limitations governing personal injury claims. Instead, they argue that the trial court should have applied the four-year statute of limitations governing personal property claims. We disagree and affirm because the two-year statute of limitations applies to their claims.

Consistent with the appropriate standard of review,[1] the record reveals the following set of facts and circumstances that are not in dispute at this stage of the proceedings. The Mujkics resided with their son, Renato Mujkic, as tenants in a home owned and managed by Tai Lam. On August 13, 2012, while cleaning the carport, Renato leaned against a brick wall of the carport, causing its collapse and his subsequent injuries. Renato's mother, Amra, filed suit against Lam as "next of kin" because Renato was then a minor.[2] In that action, she sought to recover, on behalf of her son, medical expenses and damages for pain and suffering. Once Renato reached majority, the parties agreed to voluntarily dismiss Amra (with prejudice) as a party in the personal injury action, allowing Renato to proceed with the suit independently. As part of Renato's lawsuit, the trial court barred recovery of medical expenses, as those had been incurred by Renato's parents, who were not a party to the suit.

---

[1] We apply a de novo standard of review to the trial court's grant of a motion to dismiss. A motion to dismiss may be granted only where a complaint, viewed in the light most favorable to the plaintiff and with all doubts resolved in the plaintiff's favor, shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. *See Homes of Georgia, Inc. v. Humana Employers Health Plan of Ga., Inc.*, 282 Ga. App. 802, 804 (640 SE2d 313) (2006).

[2] Senad Mujkic, Renato's father, was not a party to this lawsuit.

Nonetheless, a jury awarded Renato $50,000 for his pain and suffering derived from the incident.

The Mujkics subsequently filed suit against Lam on March 15, 2016, seeking to recover $35,484.98 in medical expenses under OCGA § 19-7-1 which they incurred on behalf of their then-minor son. Lam filed a motion to dismiss, which the trial court granted following a hearing. In its order dismissing the Mujkics' action, the trial court held that the Mujkics' claims were subject to the two-year statute of limitations for personal injury under OCGA § 9-3-33, and that expiration of that time extinguished the Mujkics' ability to recoup medical expenses from Lam. This appeal followed.

The Mujkics argue that the trial court erred in applying the two-year statute of limitations governing personal injury claims to dismiss their lawsuit. They argue that the trial court should have applied the four-year statute of limitations governing personal property claims. We disagree.

OCGA § 9-3-33 provides that "actions for injuries to the person shall be brought within two years after the right of action accrues[.]" This two-year statute of limitation for personal injury applies with equal force to a parent's attempt to recover a minor's medical expenses under OCGA § 19-7-2. *See Mitchell v. Hamilton*, 228 Ga.

3

App. 850, 851-52 (2) (493 SE2d 41) (1997). *See also Brent v. Hin*, 254 Ga. App. 77, 78-79 (1) (561 SE2d 212) (2002) (medical expenses arising out of injury to the person falls under the two-year statute of limitation found in OCGA § 9-3-33). As Renato was injured on August 13, 2012, and the Mujkics did not file their lawsuit until nearly four years later (on March 15, 2016), the lawsuit is barred under the applicable statute of limitations.[3] *See Mitchell*, 228 Ga. App. at 851-52 (2). Therefore, the trial court was authorized to dismiss the Mujkics' suit seeking to recover medical expenses incurred as a result of their son's injury while working on property owned by Lam.[4]

Our prior decisions in the cases cited by the Mujkics, *Krasner v. O'Dell*, 89 Ga. App. 718 (80 SE2d 852) (1954), *Met. Atlanta Rapid Transit Auth. v. Tuck*, 163 Ga. App. 132 (292 SE2d 878) (1982), and *Brent v. Hin*, 254 Ga. App. 77 (561 SE2d 212) (2002), do not change our analysis. Parents do indeed have a personal property interest in the recovery of medical expenses incurred for treatment of a minor child's

---

[3] Because of our holding here, we need not address the parties' arguments regarding the applicability of res judicata to the Mujkics' lawsuit.

[4] The Mujkics did not argue before the trial court or on appeal whether the statute was tolled during the time that Renato was a minor, and therefore we will not consider the issue. *See White v. Jones*, 244 Ga. App. 485, 486 (1) (536 SE2d 167) (2000). *Compare Mitchell*, 228 Ga. App. at 852 (3) (appellant did not waive right to make this argument where she raised the issue at oral argument before the trial court).

injuries resulting from the tortious act of another. *See Krasner*, 89 Ga. App. at 718 (2); *Met. Atlanta Rapid Transit Auth.*, 163 Ga. App. at 138 (2); *Brent*, 254 Ga. App. at 79 (1). But the existence of that personal property interest does not transform a personal injury claim into a personal property claim. If the only injury caused by a defendant was to a person and not that person's property,[5] then the two-year statute of limitations for personal injury claims applies. *See Mitchell*, 228 Ga. App. at 851-52 (2).

*Judgment affirmed. McFadden, P. J., and Branch, J., concur.*

---

[5] If medical expenses arising from a personal injury created a personal property claim wherever the injured party (or, in the case of a minor, the minor's parent(s)) sought recovery of such expenses, then claims involving plaintiffs who only suffered injury to their person would be subject to a four-year instead of a two-year statute of limitations. But the case law is clear that the two-year statute of limitations applies. *See, e.g.*, *Epps v. Hin*, 255 Ga. App. 370, 372 (565 SE2d 577) (2002) ("medical expenses constitute damage flowing from personal injury and are thus subject to the two-year limitation period for personal injury claims set forth in OCGA § 9-3-33. To hold otherwise would enable litigants to circumvent the limitation period for personal injuries by declaring that the damages being sought constituted 'property' claims." (punctuation omitted)).