**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 12, 2026**

# In the Court of Appeals of Georgia

A25A2089. MCKESSON CORPORATION v. BOLTON et al.

DAVIS, Judge.

In this action under the Drug Dealer Liability Act ("DDLA"), OCGA § 51-1-46, McKesson Corporation seeks interlocutory review of the trial court's order denying its motion to dismiss. McKesson argues that (1) the trial court erred in finding that the general 20-year statute of limitation prescribed by OCGA § 9-3-22 applies to the claims in this case instead of the 2-year statute of limitation for personal injuries under OCGA § 9-3-33; and (2) it is immune from the DDLA as a licensed practitioner acting in the course of its professional practice. We agree with McKesson that the plaintiffs' claims in this case under the DDLA are subject to the 2-year statute of

limitation, and we accordingly reverse the trial court's denial of McKesson's motion to dismiss.

> On appeal of a trial court's ruling on a motion to dismiss, our review is de novo. However, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor. Our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.

*Karekezi v. Pinnacle Systems*, 367 Ga. App. 391, 391 (885 SE2d 235) (2023) (quotation marks omitted).

According to the allegations of the operative complaint, Angel and Christopher Bolton are the adult children of Kevin Bolton, who obtained prescriptions for opioids and other controlled substances without a legitimate medical purpose. Kevin became dependent upon controlled substances, and Angel and Christopher contend that this addiction caused them physical, mental, emotional, and economic harm. Kevin eventually overdosed and died on February 21, 2016.

Kevin obtained his prescriptions for opioids from Dr. Frank Bynes and filled his prescriptions at Pembroke Pharmacy. McKesson is a pharmaceutical distributor that

distributed opioids to Pembroke Pharmacy. The dosages listed in the prescriptions were over five times the daily dosage recommended by the Centers for Disease Control to prevent overdose. In 2019, Dr. Bynes was convicted in federal court of health care fraud and illegal dispensation of controlled substances, and Kevin's father testified at Dr. Bynes' sentencing hearing. McKesson had a long-term relationship with Pembroke Pharmacy, and the Boltons allege that Pembroke Pharmacy was making excessive purchases of controlled substances and that McKesson did not report these purchases to the Georgia Drug and Narcotics Agency pursuant to OCGA § 26-4-115.

Angel and Christopher filed their initial complaint on February 20, 2018, against Dr. Bynes, Pembroke Pharmacy, and multiple other entities, but they did not name McKesson as a defendant.[1] On April 5, 2018, Angel and Christopher filed an amended complaint, naming McKesson as a defendant for the first time, and they eventually filed a fourth amended complaint raising a single claim under the DDLA. McKesson moved to dismiss the claim against it, arguing among other things that (1)

---

[1] The initial complaint listed a fictitious "John Doe Corporation" as a defendant, but the Boltons alleged that this fictitious corporation was Dr. Bynes' employer.

the complaint was time barred, as the applicable two-year statute of limitation for personal injury had run; and (2) the DDLA did not apply to it as a licensed distributor of controlled substances.

The trial court granted the motion to dismiss in part and denied the motion to dismiss in substantial part. The trial court first concluded that it was incapable of determining whether McKesson is immune as a licensed distributor at the motion to dismiss stage. As for the statute of limitation, the trial court first concluded that Angel and Christopher's amended complaint did not relate back under OCGA § 9-11-15 (c) to the time the original complaint was filed, and it rejected Angel and Christopher's arguments as to tolling, so as a result it granted McKesson's motion to dismiss certain personal injury damages relating to the wrongful death of Kevin and his medical expenses that were not paid by Angel and Christopher. However, the trial court concluded that Angel and Christopher could seek recovery of the amount they spent on Kevin's healthcare and could seek non-economic damages under the DDLA that would be unavailable otherwise in a traditional tort action because the 20-year statute of limitation in OCGA § 9-3-22 applied to any part of their DDLA claim that was not

cognizable under standard tort law. We granted McKesson's application for interlocutory review.

1. McKesson first argues that this action is time-barred as the facts of this case occurred more than two years before the Plaintiffs filed suit. McKesson argues that the Boltons sought remedies for personal injury and the statute of limitation for such actions is two years and that the trial court erred by applying the 20-year statute of limitation of OCGA § 9-3-22. We agree.

Passed in 1997, the DDLA was intended to "provide a civil remedy for damages to persons in a community injured as a result of illegal drug use." OCGA § 51-1-46(b). The DDLA was designed to "shift, to the extent possible, the cost of the damage caused by the existence of an illegal drug market in a community to those who illegally profit from that market." Id. Under the Act, "[a] person injured by an individual drug abuser may bring an action under this Code section for damages against a person who participated in illegal marketing of the controlled substance used by the individual abuser." OCGA § 51-1-46(d)(1). The Act defines participating in illegal drug marketing as "[m]anufacturing, distributing, or delivering or attempting or conspiring to manufacture, distribute, or deliver, a controlled substance" in violation of state or

federal law. OCGA § 51-1-46(c)(9)(A). The DDLA does not contain its own statute of limitation. See OCGA § 51-1-46.

OCGA § 9-3-33 provides that "actions for injuries to the person shall be brought within two years after the right of action accrues[.]" This provision is a "traditional general statute of limitations[,]" and "the scope of the application of this statute of limitation is determined by the nature of the injury sustained, rather than the legal theory underlying the claim for relief." *Daniel v. American Optical Corp.*, 251 Ga. 166, 168(1) (304 SE2d 383) (1983). Thus,

> Georgia follows a specialized rule for determining the limitation period applicable to personal injury claims: ... an action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injury is controlling.

*Gropper v. STO Corp.*, 250 Ga. App. 820, 822(1) (552 SE2d 118) (2001).

On the other hand, OCGA § 9-3-22 provides that "[a]ll actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years[.]" We have been clear, however, that this statute "does not apply to all cases in which a statutory duty is

6

violated" and instead applies only in "special cases not provided for by the general statute of limitations." See *Teachers Ret. Sys. of Ga. v. Plymel*, 296 Ga. App. 839, 842, 844(1) (676 SE2d 234) (2009) (quotation marks omitted).

Here, as noted above, the trial court found that Angel and Christopher could seek recovery of the amount they spent on Kevin's healthcare and could seek non-economic damages under the DDLA that would be unavailable otherwise in a traditional tort action.[2] As such, the trial court found that the Boltons' "claims are authorized solely by the DDLA and not under any other law, so . . . the [20]-year statute of limitations applies found at OCGA § 9-3-22." This, however, was not the correct framework to analyze the Boltons' claims. As we have stated, OCGA § 9-3-22's statute of limitation only applies when the traditional general statutes of limitation do not cover the claim. *Plymel*, 296 Ga. App. at 842(1). The two-year general statute of limitation for personal injury claims is broadly written and covers any claim that seeks to recover for personal injuries, regardless of what the underlying legal basis is that establishes liability. See *Daniel*, 251 Ga. at 167–68(1); *Gropper*, 250 Ga. App. at 822(1). Thus, the relevant question is not the statutory basis for the

---

[2] In particular, the trial court focused on the fact that Kevin's illegal conduct would normally cut off recovery under general proximate causation principles.

7

defendants' liability, but whether the plaintiffs are seeking damages to recover for personal injuries. See *Houston v. Doe*, 136 Ga. App. 583, 584(1) (222 SE2d 131) (1975) ("The right to recover for [personal] injury or damages contemplated by the [Act] existed at common law and was not created anew by the legislature.") (quotation marks omitted) (physical precedent only). Because the plaintiffs here are seeking damages for "the untimely death of their father" as well as the "physical, mental, emotional, and economic harm"[3] that Kevin inflicted on them as a result of his addictions, the two-year personal injury statute of limitation applies.

In concluding otherwise, the Boltons rely heavily on the Supreme Court of Georgia's decision in *W. Sky Fin., LLC v. State of Ga.*, 300 Ga. 340 (793 SE2d 357) (2016). In *Western Sky*, the Supreme Court analyzed the Payday Lending Act, OCGA § 16-17-1 et seq., and concluded that the 20-year statute of limitation applied because

---

[3] While the Boltons' request in their complaint for damages due to "economic harm" is vague, the only economic harm (beyond their request for attorney fees and litigation costs ) allegedly inflicted on Angel and Christopher that is indicated in the record is the medical expenses that they had to pay to treat Kevin's addiction, and they do not point us to any other potential form or source of economic harm on appeal. We have been clear that a claim for medical expenses arising out of injury to the person falls under the two-year statute of limitation found in OCGA § 9-3–33 because the injury caused by the defendant was to a person and not that person's property. *Mujkic v. Lam*, 342 Ga. App. 693, 694–695 (804 SE2d 706) (2017).

the Act was "purely statutory," and "OCGA § 9-3-22 applies to rights which arise under legislative enactment, and would not exist except for some act of the legislature." 340 Ga. at 361(3)(b). Likewise, the trial court here held that the 20-year statute of limitation applied because it concluded the DDLA imposed an enforcement regime that arises under legislative enactment, and which would not exist except for some act of the legislature and imposes much harsher remedies. However, a claim under the Payday Lending Act, the statute at issue in *Western Sky*, does not involve a claim involving personal injury, and so the Supreme Court had no need to consider whether the two-year statute of limitation at OCGA § 9-3-33 applied. Indeed, critical to the Supreme Court's holding in *Western Sky* was its conclusion that a claim under the Payday Lending Act, and the remedies provided therein, was sufficiently distinct from existing claims (particularly a claim for usury and forfeiture under OCGA § 7-4-10) such that the claims were not covered by any existing general statute of limitation. Id. at 360(3)(b).

Instead, the Boltons' claims in this case are to recover for personal injuries, with the DDLA merely acting to expand the scope of liability beyond that imposed by traditional tort law. When we have looked at other statutes which similarly provide

9

new theories of recovery for personal injuries, such as a parent's ability to recover for the medical expenses and pain and suffering related to the loss of their child under OCGA § 19-7-2, this Court has found that the two-year personal injury statute of limitation applies. See *Mujkic v. Lam*, 342 Ga. App. 693, 694–95 (804 SE2d 706) (2017). See also *Bigby v. Douglas*, 123 Ga. 635, 637 (51 SE 606) (1905) ("To construe [OCGA § 9-3-22] as referring to every right conferred by statute or accruing by operation of law, and to stick to its letter as thus interrupted, would be to nullify other sections of the code fixing the period within which an aggrieved party shall bring an action in assumpsit or one for damages arising out of the violation of or failure to perform a legal duty imposed upon another under the common law or by statute.") (quotation marks omitted). Because this Court looks to the nature of the injury, and not the theory of recovery, when determining if OCGA § 9-3-33 applies, we agree with McKesson that the two-year statute of limitation applies.

Applying the two-year statute of limitation here, the record shows that Kevin passed away on February 21, 2016, and so Angel and Christopher's claim for injuries to themselves due to Kevin's addiction necessarily accrued by that time. Angel and Christopher, however, did not file a complaint naming McKesson as a defendant until

April 5, 2018, and the trial court has already concluded that the Boltons are not entitled to tolling and that the April 5, 2018 complaint did not relate back to a prior complaint under OCGA § 9-11-15(c). Accordingly, we must conclude that their claims are time-barred, and we therefore reverse the trial court's order denying McKesson's motion to dismiss.

2. McKesson also argues that it is immune from the DDLA as a licensed practitioner in the course of its professional practice under OCGA § 51-1-46 (c) (9). In light of our conclusion in Division 1 that this action is barred by the statute of limitation, we do not reach this argument.

*Judgment reversed. Rickman, P. J., and Gobeil, J., concur.*