A89A1113. ROGERS v. deMONTEGUIN.
(388 SE2d 10)

BIRDSONG, Judge.

Al Rogers, a building contractor doing business as Al Rogers Homework, appeals from the judgment of the trial court based upon a

jury verdict in favor of deMonteguin. Appellee deMonteguin hired Rogers to remodel his home. There were substantial problems with the work Rogers performed, and finally Rogers left the job with the work unfinished. When the dispute could not be resolved otherwise, deMonteguin hired another contractor to complete Rogers' work, and filed suit against Rogers for breach of contract, fraud, and interference of contract. He sought compensatory and punitive damages and attorney fees and expenses of litigation because of Rogers' bad faith and stubborn litigiousness.

At trial, the jury initially returned a verdict for deMonteguin and awarded as follows: "breach of contract award $25,000. Attorney's fees paid by the [d]efendant in the amount of $12,000; punitive damages paid by the [d]efendant in the amount of $12,600, total amount of $49,600." The trial court noted that there was no finding of fraud and no damages awarded for fraud, and thus would not accept the verdict as rendered. The jury was instructed that punitive damages are not allowed merely for breach of contract, and that punitive damages could not be awarded unless the jury found that Rogers committed fraud. Further, the jury was instructed that before punitive damages could be awarded for fraud, they must find compensatory or nominal damages as a result of the fraud. Thereafter, the jury returned a verdict for deMonteguin: "We, the jury, find in favor of the [p]laintiff, deMonteguin, breach of contract and . . . attorney's fees award $36,000, fraud and deceit guilty, compensatory damages $1.00, punitive damages $5,000."

Rogers asserts that the trial court erred by charging the jury on fraud because he contends that fraud cannot be based on an oral promise to do what one is already obligated to do; by charging on punitive damages when such damages were not raised by the evidence; and by, in effect, directing a verdict against him on the fraud issue by advising the jury that they could not return a verdict for punitive damages unless they first found fraud had been committed. *Held*:

1. Rogers argues an action for fraud cannot lie for his oral promise to complete the work, because it was no more than a statement or promise as to a future event, *Jackson v. Brown*, 209 Ga. 78, 80 (70 SE2d 756); *Phillips v. Atlantic Bank &c. Co.*, 168 Ga. App. 590 (309 SE2d 813). Further, he contends that an action for fraud cannot be maintained against him for this promise because he was already obligated to complete the job, hence there was no consideration for his promise. *Hiers-Wright Assoc. v. Manufacturers Hanover Mtg. Corp.*, 182 Ga. App. 732, 734 (356 SE2d 903).

Rogers' first contention is a correct statement of the law generally, but it has a significant exception. "While fraud cannot generally be based on instances of misrepresentations as to future events, it

may consist of such instances if, when the misrepresentation is made, [the promisor] knows that the future event will not take place." *Hayes v. Hallmark Apts.*, 232 Ga. 307, 308 (207 SE2d 197). "A promise made without a present intent to perform is a misrepresentation of a material fact and is sufficient to support a cause of action for fraud." *Middlebrooks v. Lonas*, 246 Ga. 720, 721 (272 SE2d 687). Therefore, we do not find as a matter of law that Rogers' promise to complete the work by December 5, 1986, was merely a promise as to a future event, and must consider whether there was evidence that at the time the promise was made, Rogers had no intention of completing the work.

We note that the evidence shows that deMonteguin paid the contractors he hired to complete the contract and repair the defects an amount greater than he had already paid Rogers. Further, at trial, building inspectors and subcontractors testified for deMonteguin about the poor quality of the work and that some of the defects in the construction had been concealed. Additionally, there was evidence that Rogers had made misrepresentations about securing permits, and evidence that a bank froze payments on deMonteguin's construction loan because of deficiencies in Rogers' work. Further, there was also testimony that Rogers made no real attempt to complete the job after October 23, and one of Rogers' subcontractors testified that Rogers told him he had no intention of completing the job and that deMonteguin would have to sue him.

"Under the evidence, the jury was authorized to find that appellant's misrepresentations were part of a fraudulent scheme," *Four Oaks Properties v. Carusi*, 156 Ga. App. 422, 423 (274 SE2d 783), and accordingly there was sufficient evidence for the jury to conclude that Rogers had no intention to do the work promised by December 5. Under these circumstances Rogers' promise was not merely a misrepresentation of future events, but one which supported an action for fraud. *Hayes v. Hallmark Apts.*, supra; *Middlebrooks v. Lonas*, supra.

We also find that Rogers's contention that his promise was without consideration is without merit. Forbearance is recognized in our law as sufficient consideration. OCGA § 13-3-42 (c) (2). Further, " '[f]orbearance to prosecute a legal claim . . . [is] sufficient [consideration] to support a contract.' *Austell v. Rice*, 5 Ga. 472 (2, 3) (1848)." *Berkman v. Commercial Bank*, 171 Ga. App. 890, 891 (321 SE2d 339). The evidence in this case shows that Rogers had abandoned the job with the work uncompleted. He was advised by deMonteguin's attorney that he was considered in breach of the contract and unless arrangements were made to complete the contract deMonteguin would take legal action. Thereafter, the parties and the attorney met at the job site; and the jury was authorized to find from the evidence that an agreement was reached that deMonteguin would

forbear and compromise his breach of contract suit in return for Rogers completing, no later than December 5, with provisions for rain delays, the work on a list given him by deMonteguin. Under the evidence this was sufficient consideration. *Pitts Truck Air v. Mack Trucks*, 173 Ga. App. 801, 803 (328 SE2d 416). Accordingly, Rogers' contention that his actions in this case did not constitute actionable fraud are without merit.

2. In view of our disposition of Rogers' first enumeration of error, his assertion that punitive damages were not authorized in this case is without merit. Punitive damages are authorized when fraud is established. *Joseph v. Bray*, 182 Ga. App. 131, 133 (354 SE2d 878).

3. Although Rogers' third enumeration of error alleges that the trial court improperly directed a verdict for deMonteguin on the issue of punitive damages, in fact, this complaint concerns the trial judge's instruction to the jury on the proper return of the verdict. Review of the record discloses that no objection was made to the trial court's instructions which are now alleged to be erroneous, and, therefore, no question is presented for appellate review. *Anthony v. Garrett*, 236 Ga. 485 (224 SE2d 347). Moreover, the charge was made after the jury indicated that they had found that Rogers had committed fraud, and thus could not constitute a directed verdict. The trial court's instructions were limited to assuring that the verdict was in the proper form and did not award double damages to deMonteguin. This enumeration of error also is without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 17, 1989 —
REHEARING DENIED NOVEMBER 13, 1989.

*Hudson & Montgomery, James E. Hudson*, for appellant.
*Lyndon & Gilley, Jeffrey G. Gilley*, for appellee.