A91A0456. BOWDISH v. JOHNS CREEK ASSOCIATES et al.
(406 SE2d 502)

McMURRAY, Presiding Judge.

Plaintiff Bowdish is a homebuilder. In 1986 plaintiff purchased five building lots in Stonehaven subdivision from defendant Johns Creek Associates for the purpose of constructing homes for sale thereon. As a condition of the purchase contracts for the lots, plaintiff was required to list the houses he constructed for sale with defendant Hyde Park Realtors. Plaintiff constructed five homes in the subdivision but sold none, resulting in foreclosure and other judgments against plaintiff.

Plaintiff filed this action for damages against defendants Johns Creek Associates, Hyde Park Realtors, both partnerships, and Chakrabandhu, a natural person who is a partner in each of the other defendants. The three counts of the complaint stated claims predicated on theories of breach of contract, negligence, and fraud. The breach of contract claim was resolved by the trial court's grant of summary judgment in favor of the defendants. The negligence claim is predicated on the failure of Johns Creek Associates to properly maintain the subdivision or construct certain amenities and an entrance wall in a timely fashion, and on the failure of Hyde Park Real-

tors to properly market the subdivision or the homes constructed by plaintiff. The fraud claim is predicated on the misrepresentations concerning when an entrance wall and amenities for the subdivision, such as a clubhouse, swimming pool and tennis courts, would be constructed. Plaintiff attributed the failure to achieve sales of the homes he constructed and consequential collapse of his homebuilding business to the alleged wrongful acts of defendants.

Upon the trial of the case, at the close of plaintiff's evidence and again at the close of all the evidence, defendants moved for a directed verdict and the trial court reserved ruling thereon until after the jury returned a verdict. The jury's verdict awarded to plaintiff general damages of $305,000 and punitive damages of $250,000. Whereupon, the trial court granted defendants' motion for a directed verdict as to the two remaining counts and judgment was entered in favor of defendants. Plaintiff appeals from the grant of defendants' motion for directed verdict. *Held:*

1. Defendants' motion to dismiss the appeal, predicated on plaintiff's failure to strictly comply with the rules of this court, is denied.

2. "In Georgia, the standard used to review the grant or denial of a directed verdict is the 'any evidence' test. *Speir v. Williams,* 146 Ga. App. 880 (247 SE2d 549) (1978)." *Department of Human Resources v. Montgomery,* 248 Ga. 465, 466 (284 SE2d 263). "Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50. . . . In reviewing grant of a directed verdict . . ., we must decide whether all the evidence demanded it, or whether there was some evidence supporting the verdict of the jury. *Bryant v. Colvin,* 160 Ga. App. 442 (287 SE2d 238) (1981)." *Pendley v. Pendley,* 251 Ga. 30 (302 SE2d 554).

3. " ' "It is well settled that misfeasance in the performance of a contractual duty may give rise to a tort action. (Cits.) But in such cases the injury to the plaintiff has been 'an independent injury over and above the mere disappointment of plaintiff's hope to receive (the) contracted-for benefit.' (Cit.) . . . 'The duty, for a breach of which an action ex delicto lies, must be a duty imposed by law as to some relationship, general or special, as applied to that class of cases where the alleged duty arises out of a contract. For instance, if one promises to pay another a given sum of money by a named day, the contract creates a duty to pay; but a breach of that duty is not a tort.' " ' *Tate v. Aetna Cas. &c. Co.,* 149 Ga. App. 123, 124-125 (253 SE2d 775) (1979)." *Keys v. Enrichment Svcs. Program,* 183 Ga. App. 8, 9-10 (357 SE2d 852). "We recognize the sound legal basis for the claim that 'a single act or course of conduct may constitute not only a breach of contract but an independent tort as well. . . .' *Orkin Exter-*

*minating Co. v. Stevens,* 130 Ga. App. 363, 365 (203 SE2d 587). However, this maxim is but one leg of a legal triad and cannot stand alone. The second portion of this trio is that a contractual violation is a tort only ' "if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of contract to avoid harming him." ' *Travelers Ins. Co. v. King,* 160 Ga. App. 473, 475 (287 SE2d 381)." *Adair v. Baker Bros.,* 185 Ga. App. 807 (366 SE2d 164). See also *Church v. SMS Enterprises,* 186 Ga. App. 791, 793 (368 SE2d 554); *Long v. Jim Letts Oldsmobile,* 135 Ga. App. 293, 294 (2) (217 SE2d 602); *Mauldin v. Sheffer,* 113 Ga. App. 874, 878-880 (150 SE2d 150); and *Leonard v. Firemen's Ins. Co. of Newark,* 100 Ga. App. 434, 436 (111 SE2d 773).

We find no evidence authorizing a judgment in favor of plaintiff on his negligence claim. While the contracts between the parties may be construed to contain implied duties on the part of defendants to expend and devote resources, for the purpose of maintaining, improving, and marketing the Stonehaven subdivision, the evidence shows, at most, simply failure to provide sufficient assets for these purposes. Such a breach of a promise to allocate resources to a business project is not a tort. Nor do we find any support for plaintiff's contention that defendants violated various provisions of OCGA § 43-40-25 governing unfair trade practices by real estate brokers or salespersons.

4. Plaintiff's fraud claim was predicated on alleged misrepresentation concerning future construction of amenities and an entrance wall for the subdivision. " 'While fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, (the promisor) knows that the future event will not take place.' *Hayes v. Hallmark Apts.,* 232 Ga. 307, 308 (207 SE2d 197). 'A promise made without a present intent to perform is a misrepresentation of a material fact and is sufficient to support a cause of action for fraud.' *Middlebrooks v. Lonas,* 246 Ga. 720, 721 (272 SE2d 687)." *Rogers v. deMonteguin,* 193 Ga. App. 480, 481-482 (1) (388 SE2d 10).

Plaintiff testified that Hyde Park Realtors represented Johns Creek Associates as sales agent in regard to the sale of the building lots to him, and that Sparks, a Hyde Park Realtors partner and broker, had initially represented to him that construction of the amenities would begin as soon as the first houses were begun. After he had bought the lots, plaintiff was told that the amenities would be completed in the spring of 1987 and later told that construction would begin on the amenities in the spring of 1987. In fact, construction on the amenities did not begin until December of 1987, after plaintiff's houses had been foreclosed and the ownership of the subdivision transferred. Plaintiff further testified that the amenity package was important to his decision to purchase the building lots since in his

experience the presence of such facilities is necessary to the marketing of the homes constructed in the subdivision.

There was evidence that the financing acquired by Johns Creek Associates for Stonehaven subdivision did not include provision for funds for construction of the amenities at the subdivision. Sparks denied making any representation to plaintiff concerning when the amenities would be constructed and testified that he told the builders that there would be amenities which would be constructed as soon as the plans were ready and the money in place and permits obtained. Defendant Chakrabandhu testified that he was the developer of Stonehaven subdivision, that he had not authorized any statements by Sparks to prospective builders that the amenity package would be completed by the spring of 1987, and that funds were available for the construction of amenities at Stonehaven subdivision, but that he did not ever build amenity packages until there were people living in the subdivision that could use them.

In our view, there was sufficient evidence from which a jury could conclude that there was no intent to begin building the amenities for the subdivision at the promised time, when plaintiff began construction of his houses in the fall of 1986. The resolution of conflicts in the evidence being within the province of the jury, we must accept its finding, as evidenced by the verdict, that the misrepresentation was actually made to plaintiff. Under these circumstances this misrepresentation as to a future event supports an action for fraud. *Rogers v. deMonteguin*, 193 Ga. App. 480, 481 (1), 482, supra.

Furthermore, we reject the trial court's conclusion that plaintiff failed to present any evidence authorizing an award of damages. As to compensatory damages, there was ample evidence as to the amount of plaintiff's lost profits since the value of the houses built by plaintiff was in evidence and plaintiff testified that during his 17 previous years as a homebuilder, he generally made a 15 percent, but never less than a ten percent profit on the houses he built. Plaintiff's business had a proven "track record" of profitability such as will support an award of lost profits. *Stern's Gallery of Gifts v. Corporate Property Investors*, 176 Ga. App. 586, 592 (3) (337 SE2d 29). The profit record of plaintiff's business would also aid in the determination of the value of plaintiff's business. Additionally, there was ample evidence of such aggravating circumstances as would authorize an award of punitive damages. *Fickling & Walker Co. v. Giddens Constr. Co.*, 258 Ga. 891, 896 (2) (376 SE2d 655); *Henderson v. Glen Oak*, 256 Ga. 619 (351 SE2d 640).

As there was no lack of proof concerning the remaining elements of an action for fraud, we hold that the trial court erred in granting defendants' motion for directed verdict on plaintiff's fraud claim. See generally *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223), and

*Southern Store & Restaurant Equip. Co. v. Maddox*, 195 Ga. App. 2, 3 (1) (392 SE2d 268).

5. In summary, we note that the damages awarded by the jury are not apportioned between the negligence and the fraud claims. Thus, our reversal of the trial court's grant of directed verdict as to the fraud claim, while we affirm the directed verdict as to the negligence claim, will necessitate a new trial since there is no way to determine which, if any, damages are attributable to the reinstated fraud claim. OCGA § 9-11-50 (b).

*Judgment affirmed in part and reversed in part. Sognier, C. J., and Andrews, J., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 20, 1991 — 

*R. Jeffrey Morrison,* for appellant.
*Thompson & McClure, Douglas R. Thompson,* for appellees.