A92A1431. GUNNIN et al. v. DEMENT.
(422 SE2d 893)

BEASLEY, Judge.

This is an appeal from a judgment entered on a jury verdict for plaintiff purchaser in an action to rescind a contract for the sale of stock in a motorcycle franchise.

Dement executed an agreement with Harley Davidson of Savannah, Inc. and its sole shareholders Claude O. Gunnin, Jr. and Diane S. Gunnin for Dement's purchase of 13 1/3 percent of the outstanding stock for $100,000. Approximately three months later, Dement, via counsel, made written demand upon the Gunnins for return of his $100,000 investment. The demand letter stated that part and parcel of the agreement was that the $100,000 be used to finance expansion of the company and that it had become apparent to Dement that the money had not been so invested but instead had been used for the Gunnins' personal well being and benefit.

Dement filed a complaint for rescission against the Gunnins three months following the unsuccessful demand, claiming fraud in the inducement of the contract and failure to perform under the contract by, inter alia, not giving Dement stock certificates or any indicia of ownership. Stubborn litigiousness was also alleged.

Four months later, Dement obtained a temporary restraining order enjoining the Gunnins, individually and as shareholders and officers of the corporation, from selling any corporate assets except in the ordinary course of business. The restraining order also directed defendants to deliver to Dement his certificate of stock representing his ownership of outstanding stock, which they did. Plaintiff placed the certificate in the court registry before the trial commenced.

Seven months following issuance of the restraining order, Dement

filed a recast complaint for rescission of the contract, adding Harley Davidson of Savannah, Inc. as corporate defendant plus a derivative claim based on Dement's status as a minority shareholder. The derivative claim was abandoned prior to the start of trial.

The jury awarded Dement $117,000 in damages plus $7,185 in attorney fees. Judgment was entered thereon, jointly and severally, against the Gunnins and the corporation. The three defendants appeal.

The challenge is twofold. Appellants claim the trial court erred in denying them a directed verdict because there was no evidence that Dement had ever tendered the stock he received under the contract, and because Dement's only evidence of fraudulent statements or representations related to future acts rather than past or present ones, which would not support a claim of fraud in the inducement.

1. Tender. "One who seeks rescission of a contract for fraud must restore or offer to restore the consideration received thereunder, as a condition precedent to bringing the action [cit.]; however, restoration by the purchaser is not an absolute rule, and does not require that the defrauding party be placed in exact status quo, but only that he be placed substantially in his original position and that the party rescinding derives no unconscionable advantage from the rescission. [Cits.] One seeking to rescind a contract for fraud must restore or tender back the benefits received under the contract, or show a sufficient reason for not doing so; he need not tender back what he is entitled to keep, and need not offer to restore where the defrauding party has made restoration impossible [cit.], or when to do so would be unreasonable. [Cits.]" *Crews v. Cisco Bros. Ford-Mercury*, 201 Ga. App. 589 (1) (411 SE2d 518) (1991).

First, prior to filing suit, Dement had clearly indicated by letter that he wished to rescind the transaction. At that time he had nothing to tender back to the defendants; he had been given no indicia of ownership whatsoever for his stock investment. It was only after issuance of the temporary restraining order with its directive for defendants to deliver a stock certificate that Dement had any physical documentation which could be tendered back.

Second, Dement received no unconscionable advantage from the rescission. He was asking principally for the return of his investment in exchange for relinquishing his stock interest.

Third, a restraining order prior to the forced delivery of the stock certificate enjoined the Gunnins from doing anything with the corporate stock other than in the ordinary course of business. The order was premised on protecting Dement's interest in the business as a minority shareholder. Any later physical tender back of the documentation of Dement's corporate interest would not have materially improved the Gunnins' position or restored their status as sole

shareholders with complete control of the stock in the face of the court order.

Dement's failure to immediately tender back the late-received documentation of his corporate interest, which was the evidence to prove his interest, did not eliminate his right to rescission under the circumstances. Nor did his decision to add a shareholder derivative claim in his recast complaint do so. He dropped the claim prior to trial and did not receive any benefit whatsoever by lodging it in the first place. Compare *Carpenter v. Curtis*, 196 Ga. App. 234 (395 SE2d 653) (1990), in which the party seeking rescission used his status as majority stockholder to force corporate dissolution.

2. Fraud. Appellants do not claim that there was no evidence of fraud but merely that the fraud claimed was not actionable because it related to future events.

Dement alleged at trial that he was fraudulently induced to enter into the contract by certain representations and promises made by the Gunnins as to their authority and specific actions they would take as directors and majority shareholders regarding the corporation. None of these were in the agreement, which contained a merger clause. The claimed misrepresentations and promises were: The money from Dement's purchase of the stock would be used to finance expansion of the business including a move to another location with upgraded facilities and the addition to the existing business of t-shirt sales. The Gunnins would repurchase Dement's stock from him after one year if Dement was not satisfied with the company's performance. If Dement retained the stock for more than one year, the Gunnins guaranteed a return on his investment equal to the local interest rate on certificates of deposit, which was then approximately 8 1/2 percent. The Gunnins had the right to sell the outstanding shares of the company stock and thereby the company's franchise agreement when in fact the franchise agreement forbade the selling of such franchise rights without the prior consent of the franchisor.

All save the final allegation of misrepresentation relate to acts following the execution of the agreement, but that does not preclude Dement's claim of fraud.

" 'While fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, (the promisor) knows that the future event will not take place.' [Cit.] 'A promise made without a present intent to perform is a misrepresentation of a material fact and is sufficient to support a cause of action for fraud.' [Cit.]" *Rogers v. deMonteguin*, 193 Ga. App. 480, 481 (1) (388 SE2d 10) (1989). The jury was authorized to consider evidence of the defendants' conduct following the agreement in assessing whether or not the defendants had a present intent to perform at the time of contract execution. Id.

See also *Bowdish v. Johns Creek Assoc.*, 200 Ga. App. 93, 95 (4) (406 SE2d 502) (1991).

Dement presented evidence from which the jury could have concluded that defendants lacked the present intent to perform, including but not limited to, that the Gunnins had made no serious attempt to expand or relocate the business and that they had utilized a substantial portion of Dement's $100,000 investment for their own personal use. In fact, the Gunnins maintained that the stock sold to Dement was "personal" stock, entitling them to personally retain and use the stock sale proceeds.

In any event, "[t]he question of intent [to deceive or not to perform] is in all cases the dominion of the factfinder; on appeal, the presumption lies in favor of the verdict where there is any evidence to support it. [Cit.]" *Goodlett v. Ray Label Corp.*, 171 Ga. App. 377, 379 (1) (319 SE2d 533) (1984) (physical precedent), but later cited in *Community Fed. &c. Assn. v. Foster Developers*, 179 Ga. App. 861, 864 (1) (348 SE2d 326) (1986).

The trial court did not err in refusing to direct a verdict in favor of the appellant defendants on the bases urged.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 — 

*Miller, Simpson & Tatum, John M. Tatum, James R. Williamson III, William E. Dillard III*, for appellants.

*Duffy & Feemster, Dwight T. Feemster, Jo Beth Gosdeck*, for appellee.