**In re Claude O. GUNNIN, Jr., Debtor.**

**Mark DEMENT, Plaintiff,**

v.

**Claude O. GUNNIN, Jr., Defendant.**

**Bankruptcy No. A97–81229–JB.**
**Adversary No. 98–6114.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 13, 1998.

Sherwin P. Robin, Sherwin Robin, PC, Savannah, GA, for Plaintiff/Petitioner/Movant.

Mark A. Baker, Atlanta, GA, for Defendant/Respondent.

Paul H. Anderson, Jr., Atlanta, GA, for Chapter 7 Trustee.

### ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding is before the Court on plaintiff's motion for summary judgment. Plaintiff seeks a determination that a judgment entered in his favor against debtor/defendant Claude O. Gunnin, Jr., by the Superior Court of Chatham County, Georgia, is nondischargeable under 11 U.S.C. § 523(a)(2)(A). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

The question presented is whether the doctrine of collateral estoppel, or issue preclusion, applies and entitles plaintiff to a summary judgment on the dischargeability claim. The debt arises out of a judgment entered by the Superior Court of Chatham County on September 30, 1991, in the case of *Dement v. Gunnin*, Civil Action File No. X90–1243–G ("Chatham County Litigation"), in the amount of $124,185.00. This judgment resulted from a jury verdict and was affirmed by the Georgia Court of Appeals on September 8, 1992, in the case of *Gunnin v. Dement*, 205 Ga.App. 631, 422 S.E.2d 893 (1992). After carefully reviewing the record, the motion, and the parties' briefs, the Court concludes that collateral estoppel applies and that plaintiff is entitled to summary judgment.

The pertinent facts recited in the Court of Appeals opinion are as follows. Plaintiff Mark Dement brought an action to rescind a contract for the sale of stock in a motorcycle franchise. Plaintiff entered into an agreement with Harley Davidson of Savannah, Inc. and its sole shareholders, defendant Claude O. Gunnin, Jr. and his wife, Diane S. Gunnin for plaintiff's purchase of 13⅓ percent of the company's outstanding stock for $100,-000. Three months later, plaintiff, through his counsel, sent a letter to Mr. and Mrs. Gunnin demanding the refund of his $100,000 investment. The demand letter stated that plaintiff and the Gunnins had agreed that plaintiff's $100,000 would be used to finance expansion of the company and that it had become apparent to plaintiff that the money had instead been used for the Gunnins' personal benefit.

The demand letter proved unsuccessful, and three months later, plaintiff filed a complaint against the Gunnins, claiming fraud in the inducement of the contract and failure to perform under the contract by not giving plaintiff stock certificates or any indicia of ownership. Plaintiff also alleged stubborn litigiousness. Four months later, plaintiff obtained a temporary retraining order, enjoining the Gunnins from selling any corporate assets except in the ordinary course of business. The restraining order also directed the Gunnins to deliver the stock certificates to plaintiff, which they did.

The parties have supplied the Court with a transcript of the charges given by the Superior Court Judge to the jury in the trial of the Chatham County Litigation. The charge describes plaintiff's claim as a claim for fraud, not a claim for breach of contract. The Court states: "plaintiff is claiming that he was defrauded by the defendants in that they made certain misrepresentations to him which induced him to buy some shares of stock in the amount of $100,000." Charge of the Court at 432, *Dement v. Gunnin, et al.*, (No. X90–1243–G). Again, on pages 436–437, the Judge charges that:

> ... I charge you further that fraud renders contracts voidable at the choice of the injured party....
>
> By Georgia law, a party claiming that he was fraudulently induced by misrepresentations into entering into any contract, he may proceed under one or [sic] two actions available to him. He can affirm the contract and sue for a breach or seek to rescind the contract and sue in tort for fraud and deceit.

The Court continues and explains that in this case, plaintiff has alleged that the defendants fraudulently induced him to enter into a stock purchase contract by making certain misrepresentations. Charge of the Court at 437–441.

The charges all relate to plaintiff's claim to rescind the contract for fraud and deceit. On pages 438–439, the Court charged the jury:

> In order to find for the plaintiff on his claim of fraud in the inducement, you must find that the plaintiff has proven by a preponderance of the evidence each of the following elements: Number one, that the defendant made representations; number two, that the time the defendants made the representations they knew that they were false; number three, that the defendants made the representations with the intention and purpose of deceiving the plaintiff; number four, that the plaintiff relied upon defendants' representations; and, number five, that the plaintiff's reliance upon the defendants' representations were reason-

able; and number six, that the plaintiff has sustained damages as a proximate result of the representations of the defendant.

Significantly, the Court charged the jury that "[t]he element of intention to deceive is necessary to the plaintiff's action," and that "[d]efendants' representations must be made with the intention and purpose of deceiving the opposite party and for the purpose of injuring him." Charge of the Court at 438. The charge continued "[i]f only one of these six elements is not proven by a preponderance of the evidence, you may not find for the plaintiff on his claim of fraud in the inducement." *Id.* at 438–439.

The Judge's instructions to the jury about the form of the verdict also establish that the claim being tried was a fraud claim. Explaining the verdict form, the Judge charged "[i]f you find from the evidence in this case that the defendants did not defraud the plaintiff as alleged in the complaint, then you would find in favor of the defendant, in which case the form of the verdict would be, we, the jury, find in favor of the defendant.... On the other hand, if you find by a preponderance of the evidence that the plaintiff is entitled to recover, then the form of your verdict would be, we, the jury find in favor of the plaintiff and award damages in the sum of blank dollars." Charge of the Court at 443.

The charges on damages reinforce the conclusion that the claim being tried was one of fraud. The Judge instructed the jury: "[i]f you find that there is no fraud in this case, that will end the case right there, but if you do find that there has been fraud or deceit, then you can go further and determine damages.... [D]amages would be return of the $100,000 that [plaintiff] has paid through what he says by virtue of fraudulent inducement, plus interest from the date and the time that the money was paid." Charge of the Court at 441. The jury in the Chatham County Litigation returned with a verdict for the plaintiff and awarded plaintiff $117,000 in damages plus $7,185 in attorney fees. The jury did not award any punitive damages. Considering the jury charges, the verdict and the damages award together, it is apparent that the jury awarded damages to plaintiff based on its finding that defendant defrauded plaintiff.

In the appeal, debtor and the other defendants claimed that the fraud was not actionable because it related to future events. The Court of Appeals disagreed and stated as follows:

"While fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the misrepresentation is made, [the promisor] knows that the future event will not take place." [Cit.] "A promise made without a present intent to perform is a misrepresentation of a material fact and is sufficient to support a cause of action for fraud." [Cit.] *Rogers v. deMonteguin*, 193 Ga.App. 480, 481(1), 388 S.E.2d 10 (1989). The jury was authorized to consider evidence of the defendants' conduct following the agreement in assessing whether or not the defendants had a present intent to perform at the time of contract execution. *Id.* See also *Bowdish v. Johns Creek Assoc.*, 200 Ga.App. 93, 95(4), 406 S.E.2d 502 (1991).

Dement presented evidence from which the jury could have concluded that defendants lacked the present intent to perform, including but not limited to, that the Gunnins had made no serious attempt to expand or relocate the business and that they had utilized a substantial portion of Dement's $100,000 investment for their own personal use. In fact, the Gunnins maintained that the stock sold to Dement was "personal" stock, entitling them to personally retain and use the stock sale proceeds.

In any event, "[t]he question of intent [to deceive or not to perform] is in all cases the dominion of the fact finder; on appeal, the presumption lies in favor of the verdict where there is any evidence to support it. [Cit.]" *Goodlett v. Ray Label Corp.*, 171 Ga.App. 377, 379(1), 319 S.E.2d 533 (1984) (physical precedent), but later cited in *Community Fed. Sav. & Loan Assoc. v. Foster Developers*, 179 Ga.App. 861, 864(1), 348 S.E.2d 326 (1986).

*Gunnin*, 205 Ga.App. at 633–634, 422 S.E.2d at 895–896.

On November 28, 1997, Mr. Gunnin filed bankruptcy under Chapter 7 of the Bankruptcy Code seeking to discharge plaintiff's claim. Plaintiff filed a timely complaint on February 26, 1998, objecting to the dischargeability of the debt under 11 U.S.C. § 523(a)(2)(A). In his motion for summary judgment, plaintiff contends that collateral estoppel applies to preclude further litigation, and that he is entitled to a summary judgment on dischargeability. Under § 523(a)(2)(A), a creditor must prove (1) the debtor made a false representation with intent to deceive the creditor, (2) the creditor relied on that representation, (3) his reliance was justifiable, and (4) the creditor sustained loss as a result of the representation. *Field v. Mans*, 516 U.S. 59, 74–75, 116 S.Ct. 437, 445–46, 133 L.Ed.2d 351 (1995); *City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277, 281 (11th Cir.1995).

Collateral estoppel principles apply to dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). The Eleventh Circuit has considered the application of collateral estoppel in bankruptcy dischargeability cases on many occasions since the Bankruptcy Code was enacted in 1978. *Securities and Exch. Comm'n v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278 (11th Cir. 1998); *HSSM # 7 Ltd. Ptnrshp. v. Bilzerian (In re Bilzerian)*, 100 F.3d 886 (11th Cir. 1996); *Bush v. Balfour Beatty Bahamas (In re Bush)*, 62 F.3d 1319 (11th Cir.1995); *St.* *Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672 (11th Cir.1993); *Hoskins v. Yanks (In re Yanks)*, 931 F.2d 42 (11th Cir.1991); *Lee v. Ikner (In re Ikner)*, 883 F.2d 986 (11th Cir.1989); *Sunco Sales v. Latch (In re Latch)*, 820 F.2d 1163 (11th Cir.1987); *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061 (11th Cir.1987); *Balbirer v. Austin*, 790 F.2d 1524 (11th Cir.1986); *Miller v. Held (In re Held)*, 734 F.2d 628 (11th Cir.1984). These cases have involved federal default judgments [1], consent judgments [2], judgments rendered following a judge's findings of fact and conclusions of law [3], and judgments following a jury verdict [4].

When determining the preclusive effect of state court judgments, bankruptcy courts should apply the collateral estoppel law of that state. *See St. Laurent*, 991 F.2d at 675–676. *See also Bush*, 62 F.3d at 1323 n. 6. Under Georgia law, the following elements must be established before collateral estoppel may be invoked: (1) there must be an identity of issues between the first and second actions, (2) the duplicated issue must have been actually and necessarily litigated in the prior court proceeding, (3) determination of the issue must have been essential to the prior judgment, (4) the party to be estopped must have had a full and fair opportunity to litigate the issue in the course of the earlier proceeding. *League v. Graham*, 191 B.R. 489, 495 (Bankr.N.D.Ga.1996).

---

1. *Bush*, 62 F.3d at 1324 (holding that debtor was collaterally estopped from relitigating issue in judgment creditor's nondischargeability proceeding under § 523(a)(2)(A), even though judgment was entered on default, because debtor substantially participated in the adversary process and later became uncooperative in the discovery process).

2. *Halpern*, 810 F.2d 1061; *Austin*, 790 F.2d 1524.

3. *Sec. & Exch. Comm'n v. Bilzerian*, 153 F.3d 1278, 1281–83 (where a jury's criminal conviction for securities fraud combined with a judge's civil judgment ordering the debtor/defendant to disgorge his fraudulently obtained funds satisfied the requirements of collateral estoppel for determining "fraud" under § 523(a)(2)(A)); *St. Laurent*, 991 F.2d at 681 (where the court determined that a state court judgment met the re-quirements for fraud under § 523(a)(2)(A)); *Ikner*, 883 F.2d at 990 (where the court could not tell if the state court determined all the elements of a § 523(a)(6) claim); *Austin*, 790 F.2d at 1528 (where the court remanded the case to the bankruptcy court to resolve conflicts between two state law judgments, one a consent judgment and the other a judgment following a judge's findings of fact and conclusions of law).

4. *Sec. & Exch. Comm'n v. Bilzerian*, 153 F.3d 1278, 1281–83; *HSSM # 7 Ltd. Ptnrshp. v. Bilzerian*, 100 F.3d at 892 (where collateral estoppel applied to a claim under § 523(a)(2)(A)); *Yanks*, 931 F.2d at 43; *Latch*, 820 F.2d at 1166 (where collateral estoppel applied to a claim under § 523(a)(6)); *Held*, 734 F.2d at 629 (where the court found that collateral estoppel did not apply to a claim under § 523(a)(6), because the jury could have awarded punitive damages based on either willfulness or recklessness).

The issues in this § 523(a)(2)(A) action have already been decided by the jury in the Chatham County Litigation. Defendant's arguments to the contrary are not persuasive. First, defendant argues that the jury in the Chatham County Litigation did not find that the defendant was liable on the basis of fraud. The Court disagrees. The jury instructions are such that the claim presented was a claim based on fraud, and the issues presented to the jury in the Chatham County Litigation were almost identical to the issues in a § 523(a)(2)(A) case. Defendant concedes that the burden of proof in a § 523(a)(2) case is the same as the burden of proof required in the state court action. The facts here are similar to the facts in the case of *HSSM # 7 Limited Partnership v. Bilzerian,* where the Eleventh Circuit found that the only difference was that the state court instructed the jury that the reliance must be reasonable, whereas in a § 523(a)(2)(A) action, the reliance need only be justifiable. The reasonable reliance standard is actually more stringent than is the justifiable reliance standard, and plaintiff here has satisfied the reliance element.

Defendant next argues that the jury found that the plaintiff was not entitled to punitive damages or attorneys fees, and that this indicates that the verdict was not based on a finding of fraud. Defendant is mistaken regarding the verdict on attorneys fees, as the jury awarded plaintiff attorneys fees in the amount of $7,185. With respect to punitive damages, the charge to the jury was that punitive damages required a higher burden of proof—that of clear and convincing evidence—and that "[p]unitive damages may be awarded only in such tort actions in which it is proved by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise a presumption of conscious indifference to the consequences." Charge of the Court, p. 442. The jury's decision not to award punitive damages does not decide any issue in this § 523(a)(2) action for two reasons. First, the burden of proof on punitive damages in the state court was higher than the burden in a § 523(a)(2) case. Second, if plaintiff's dischargeability action were based

on § 523(a)(6) of the Bankruptcy Code, then plaintiff might not prevail here, because the jury's decision not to award punitive damages might have indicated that it did not find one of the elements necessary for a § 523(a)(6) claim, i.e., willful and malicious behavior. However, the dischargeability claim here is based on § 523(a)(2)(A), and the behavior described in the punitive damage charge is not a necessary element in a § 523(a)(2)(A) claim.

Finally, defendant argues that the Judge's charges in the Chatham County Litigation were ambiguous, such that this Court cannot conclude that the jury reached a verdict on the basis of fraud. Defendant cites to a portion of the charge where the Judge describes the rights of a defrauded party to either affirm a contract and sue for breach or to rescind the contract and sue for fraud and deceit. This portion of the charge does not create ambiguity. Reading the charge as a whole, it is clear that plaintiff sought to rescind the contract and sued in tort for fraud and deceit. The claim presented to the jury was a claim of fraud, not a claim for breach of contract. Similarly, defendant argues that ambiguity is created by a portion of the charge that refers to fraud as being either actual or constructive. Again, in the context of the record as a whole, the claim presented to the jury was not one related to constructive fraud, but was a claim for actual fraud. The jury was specifically instructed that the element of intent to deceive was necessary to the plaintiff's action. *See Latch,* 820 F.2d at 1166 (where the court looked to the charge as a whole to clarify any ambiguity).

Considering the entire charge to the jury and the verdict rendered, the Court finds that plaintiff has established all of the elements of collateral estoppel. There is a clear identity between the issues tried in the state court fraud action and this dischargeability proceeding. All of the elements of the § 523(a)(2)(A) dischargeability claim were actually and necessarily litigated in the Chatham County Litigation, and the elements of the dischargeability fraud claim were essential to the Chatham County jury verdict and

judgment. Finally, the debtor had a full and fair opportunity to litigate the issues in the earlier proceeding.

In accordance with the above reasoning, plaintiff's motion for summary judgment is hereby GRANTED.